# In the United States Court of Federal Claims

**No. 11-82C**
**(Filed: March 2, 2011)**

**FILED**

MAR  2 2011

**U.S. COURT OF**
**FEDERAL CLAIMS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**HIBBERT JERMAINE RANGLIN,**

           **Plaintiff,**

**v.**

**THE UNITED STATES,**

           **Defendant.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*
      \*

# O R D E R

      The plaintiff, Hibbert Jermaine Ranglin ("Mr. Ranglin"), has filed a complaint styled as a

"Criminal Complaint Affidavit" against the State of Florida and various officials, agents, or

employees of the State of Florida alleging "treason, fraud, coercion and more"[1] and a violation of

his right to due process for allegedly presiding over the plaintiff's criminal convictions without

having sworn "'valid' notarized loyalty oaths of office as required by the Florida Statutes 876.05

and the United States Code Title 4 sections 101[[2]] and 102[[3]]." Compl. 1-4, 8.  Mr. Ranglin does

---

    [1] The plaintiff's allegations include "[f]ailure to pay fiduciary tax liability inherent in action on the basis of non-existent claim," harassment, treason, fraud, mail fraud, mail threats, extortion, perjury, subordination of perjury, civil racketeering, criminal racketeering, falsification of public documents, misleading public officials, "slander o credit- a federal securities violation," violation of public policy, kidnapping, "deprivation of civil rights," and criminal anarchy. Compl. 2.

    [2] "Every member of a State legislature, and every executive and judicial officer of a State, shall, before he proceeds to execute the duties of his office, take an oath in the following form, to

not specifically demand relief, however it appears that he would have this court void the allegedly unlawful actions of the defendants related to the prosecution of criminal felonies in the State of Florida that took place between the years of 1999 and 2008. Compl. 3-5. Mr. Ranglin also names the United States as "Holder-In-Due-Course of the incorporate body of the State of Florida," and appears to allege the United States is liable for the "inexcusable" actions of the other named defendants. Compl. 1.

## I. The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction

Because the plaintiff is proceeding pro se, he is entitled to a liberal construction of his pleadings, Hughes v. Rowe, 449 U.S. 5, 9 (1980) (holding that pro se complaints should be held to "less stringent standards than formal pleadings drafted by lawyers" (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, all those seeking to invoke this court's subject matter jurisdiction ultimately retain the burden of establishing that the jurisdictional requirements are met. Keener v. United States, 551 F.3d 1358, 1361 (Fed. Cir. 2009) (citing Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

A trial court has the responsibility to determine its own jurisdiction sua sponte whenever it appears it may be lacking. Cabral v. United States, 317 Fed. App'x 979, 981 n.1 (Fed. Cir.

wit: 'I, A B, do solemnly swear that I will support the Constitution of the United States.'" 4 U.S.C. § 101.

[3] "Such oath may be administered by any person who, by the law of the State, is authorized to administer the oath of office; and the person so administering such oath shall cause a record or certificate thereof to be made in the same manner, as by the law of the State, he is directed to record or certify the oath of office." 4 U.S.C. § 102.

2008) (citing <u>Arctic Corner, Inc. v. United States</u>, 845 F.2d 999, 1000 (Fed. Cir. 1988)).  If the

court determines that it does not have jurisdiction, it must dismiss the claim.  Rule 12(h)(3) of

the Rules of the United States Court of Federal Claims ("RCFC"); <u>Arbaugh v. Y&H Corp.</u>, 546

U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction,

the court must dismiss the complaint in its entirety." (citation omitted)); <u>Steel Co. v. Citizens for

a Better Env't</u>, 523 U.S. 83, 94 (1998).

The United States Court of Federal Claims is a court of limited jurisdiction.  The Tucker

Act provides the court with jurisdiction over "any claim against the United States founded either

upon the Constitution, or any Act of Congress or any regulation of an executive department, or

upon any express or implied contract with the United States, or for liquidated or unliquidated

damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, the Tucker Act does

not confer any substantive rights upon a plaintiff.  <u>United States v. Testan</u>, 424 U.S. 392,

398-401 (1976).  A plaintiff must establish an independent substantive right to money damages

from the United States, that is, a money-mandating source within a contract, regulation, statute or

constitutional provision itself, in order for the case to proceed.  <u>Jan's Helicopter Serv., Inc. v.

Fed. Aviation Admin.</u>, 525 F.3d 1299, 1306 (Fed. Cir. 2008).

## A. The Court Lacks Jurisdiction Over Claims Against Defendants That are not the United States.

In accordance with the Tucker Act, "if the relief sought is against others than the United

States the suit as to them must be ignored as beyond the jurisdiction of the court."  <u>United States

v. Sherwood</u>, 312 U.S. 584, 588 (1941); <u>Conner v. United States</u>, No. 2010-5106, 2011 WL

108292, at *1 (Fed. Cir. 2011).  Accordingly, the Court of Federal Claims does not have

jurisdiction to hear the plaintiff's claims naming the State of Florida and the various officials, agents, or employees of the State of Florida named in the complaint as defendants. Therefore, pursuant to RCFC 12(h)(3), the plaintiff's claims against the State of Florida and various officials, agents, or employees of the State of Florida are dismissed for lack of jurisdiction.

### B. The Court Lacks Jurisdiction Over the Plaintiff's Claims Against the United States.

Aside from the alleged actions of the State of Florida and its officials, agents, or employees, the plaintiff has not stated a separate claim against the United States showing he is entitled to relief nor has he provided a demand for the relief he seeks from any of the defendants.[4] However, to the extent that the plaintiff alleges that the United States is liable for the actions of the State of Florida and the other individuals named in the complaint, the plaintiff's claims must also fail for lack of jurisdiction.

The plaintiff alleges a violation of his constitutional right to due process under the Fifth Amendment. Compl. 4. It is well established that the Court of Federal Claims lacks jurisdiction over Fifth Amendment due process claims because the Due Process Clause is not a money-mandating provision of the Constitution. See, e.g., Flowers v. United States, 321 F. App'x 928, 934 (Fed. Cir. 2008) (citing James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998)); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The Due Process Clause of the Fifth Amendment cannot provide the Court of Federal Claims with jurisdiction because it does not mandate payment of money by the government). Similarly, to the extent that the plaintiff

---

[4] A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." RCFC8(a)(2)-(3).

alleges violations of the Due Process Clause of the Fourteenth Amendment, the same is true. LeBlanc, 50 F.3d at 1028. The balance of the plaintiff's claims allege a litany of criminal misconduct on the part of the named defendants. See supra 1 n.1. However, the Court of Federal Claims lacks jurisdiction over criminal claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).[5]

Therefore, pursuant to RCFC 12(h)(3), the plaintiff's claims against the United States are dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

/NANCY B. FIRESTONE
Judge

---

[5] Included within the plaintiff's list of criminal claims, the complaint also alleges "[f]ailure to pay fiduciary tax liability inherent in acting on the basis of non-existent claim." It is unclear from the plaintiff's pro se complaint whether he in fact intended for this particular claim to be for a refund of federal income tax. Nevertheless, although the United States Court of Federal Claims has jurisdiction over federal income tax refund suits, a jurisdictional prerequisite is that the taxpayer make full payment of the tax liability, penalties, and interest at issue. See Flora v. United States, 362 U.S. 145, 163 (1960); McNeil v. United States, 293 Fed. App'x 758, 760 (Fed. Cir. 2008). It is also true that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." RCFC8(a)(2)-(3). The complaint must contain facts sufficient to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ---U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009) ("a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief" (quoting Twombly, 550 U.S. at 557)). The plaintiff has neither alleged full payment of any income tax nor has he provided any documentation that might support such a claim. Accordingly, to the extent the plaintiff requests a refund of federal income tax, his complaint must be dismissed pursuant to RCFC 8(a)(2).